IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TILE OUTLET, INC. AND | § | |
| JPMORGAN CHASE BANK, N.A. | § | |
| | § | |
| APPELLANTS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CA-H-06-CV-1398 |
| | § | CIVIL ACTION NO. CA-H-06-CV-1400 |
| OFFICIAL COMMITTEE OF UNSECURED | § | |
| CREDITORS OF TILE OUTLET | § | |
| APPELLEE | § | |

## MOTION TO DISMISS APPEALS AND TAX COSTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, the Tile Outlet Official Committee of Unsecured Creditors ("Committee") and moves this Court, pursuant to Federal Rules of Bankruptcy Procedure 8011 and 8014, to dismiss the appeals filed by Appellants and tax costs. Pending submission of this Motion, the Committee has asked, by concurrent expedited motion, that the Court consolidate the appeals and suspend briefing deadlines. The Committee would show unto the Court as follows:

### Background

1. Tile Outlet is a retail chain of tile stores that filed for Chapter 11 protection shortly after the Debtor's insiders had the company guarantee $600,000 in personal debt of Tile Outlet's President, Mr. Miller.

2. Mr. Miller took out a $600,000 personal loan secured by the Debtor's assets within months of the bankruptcy. The Debtor received none of the money for this loan, but granted Bank One n/k/a JPMorgan Chase Bank ("Bank") a lien on all of its assets under a corporate guaranty.

3. The Committee asserted that Mr. Miller breached his fiduciary duty and that the guaranty and encumbrance on the Debtor's assets was a fraudulent transfer.

1

4. The Debtor did not sue the encumbering bank to avoid the transfer. The Committee sued within a deadline established by an agreed cash collateral order.

5. The Bankruptcy Court dismissed the Committee's suit without prejudice to obtaining authority by filing a separate motion for authority to sue on behalf of the Estate, *nunc pro tunc*.[1]

6. The Committee sought and was granted *nunc pro tunc* authority to sue the Bank.

7. The Debtor-in-possession (still controlled by Mr. Miller) and the Bank have appealed the Committee's grant of authority as if it were an appealable final order.

8. Both the Bank and the Debtor filed notices of appeal in the Committee's adversary proceeding and in the Debtor's main bankruptcy case. As a result, there are 4 notices of appeal on file and 4 appeals docketed of the same issue - the Bankruptcy Court's grant of authority to the Committee to prosecute a lawsuit.

## This is Not an Appeal from a Final Order

9. Normally, a Committee would not pursue avoidance actions on behalf of the estate. Under the Bankruptcy Code, the Debtor-in-possession has that power. However, a bankruptcy court may allow a creditor's committee to pursue avoidance actions for the benefit of the estate when a debtor-in-possession unjustifiably refuses. Appellants challenge the grant of that authority in this case.

10. To appeal the decision of the bankruptcy court, the decision must be a "final" decision under 28 U.S.C. §158(a), which allows appeals from "final judgments, orders and decrees".

---

[1] When a debtor-in-possession wrongfully refuses to exercise the authority to prosecute certain causes of action which arise under the Bankruptcy Code or under state law, a committee may seek authorization to prosecute such actions on behalf of the bankruptcy estate. *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247-48 (5th Cir. 1988); *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1363 (5th Cir. 1986); *Fuel Oil Supply and Terminaling Co. v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 (5th Cir. 1985).

{L:\til000\00012\0398992.doc;2\HMR}

11. In order to be final in character, an order by a bankruptcy court must resolve a discrete unit in the larger case. A final order must "conclusively determine substantive rights." *In re Delta Services Industries*, 782 F.2d 1267, 1271 (5th Cir. 1986). More importantly, "for a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all the issues raised by the bankruptcy; but *it must completely resolve all of the issues pertaining to a discrete claim, including issues as to proper relief*[2]." Thus, final orders have been held to include:

   a   dismissal of a complaint[3]

   b   recognition of a creditor's security interest[4]

   c   ordering an individual to turn over an antique coin, or other determination of property of the estate[5]

   d   an order allowing or disallowing an exemption[6]

   e   an order dismissing an objection to discharge[7]; and

   f   an order granting relief from the automatic stay[8].

12. The order appealed from is only part of the adversary proceeding still underway. An order granting authority to sue on behalf of the estate has never been held to be a final order.

13. Here, the bankruptcy court has not entered a final judgment on the merits of the suit, but rather it has granted authority to the Committee to continue the proceeding. That is tantamount to a denial of a motion to dismiss for lack of standing. "[A] denial of a motion to dismiss for lack of standing does not qualify as a final judgment and thus is not eligible for review at this time." *Triad Assocs. v. Robinson*, 10 F.3d 492, 497 at n.2 (7th Cir. 1993); See

---

[2] *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 3 F.3d 49, 53 (2nd Cir. 1993) (emphasis in original).

[3] *In re Bowman*, 821 F.2d 245, 246 (5th Cir. 1987).

[4] *In re Lift & Equipment Service, Inc.*, 816 F.2d 1013, 1015 (5th Cir. 1987).

[5] *In re Moody*, 817 F.2d 365 (5th Cir. 1987).

[6] *White v. White (In re White)*, 727 F.2d 884 (9th Cir. 1984) .

[7] *In re Riggsby*, 745 F.2d 1153, 1157 (7th Cir. 1984).

[8] *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 901-02 (11th Cir. 1982).

also, *In re United States Lines, Inc..*, 199 B.R. 465, 470 (D.N.Y. 1996) (denial of the motion to

dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is not appealable); *Crymes v.*

*DeKalb County, Ga.*, 923 F.2d 1482, 1484 (11th Cir. 1991) ("It is . . . clear that the district

court's denial of appellants' motion to dismiss the complaint on ripeness grounds . . . is not in

itself an immediately appealable order.").

14. The complained-of order authorizing the Committee to sue would be subsumed

into the final judgment of the underlying adversary proceeding.  It is not ripe for appeal.  If the

Committee were to lose the adversary proceeding, it would be harmless error.  If the Committee

wins the suit, it can be alleged as a basis for reversal.  See, See, *McFarland v. Leyh (In re Texas*

*Gen. Petroleum Corp.)*, 52 F.3d 1330, 1334-1335 (5th Cir. 1995) (standing to bring avoidance

actions conferred by court under Section 1123 challenged and rejected).

15. The appeals before the court do not appeal a final order that completely resolves

all of the issues pertaining to the fraudulent transfer.  As such, the appeals should be dismissed.

### This is Not an Appeal of a "Collateral Order"

16. A few kinds of "collateral" orders may be appealed when they would be otherwise

unreviewable on appeal.   The collateral order exception permits appellate review of a "small

class" of non-final judgments that "finally determine claims of right separable from, and

collateral to, rights asserted in the action, too important to be denied review and too independent

of the cause itself to require that appellate consideration be deferred until the whole case is

adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

17. To be a collateral order, the decision must

(1) conclusively determine the disputed question,
(2) resolve an important issue completely separate from the merits of the action, and
(3) be effectively unreviewable on appeal from a final judgment.

*In re Aucoin*, 35 F.3d 167, 170 (5th Cir.1994) (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S. Ct. 2757, 2761, 86 L. Ed. 2d 340 (1985)).

"These conditions are conjunctive: failure of any one results in the failure of jurisdiction." *Id.*

18. Because 1) the decision to grant standing could be reviewed by direct appeal from the final judgment in the adversary and 2) the decision does not conclusively determine the disputed question of whether there was a fraudulent transfer, it is not a collateral order.

19. Conversely, the *denial* of the Committee's authority would dispose of the litigation and is thus directly appealable.  Cf. *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1362 (5th Cir. 1986) (Committee's avoidance action dismissed, district court erred in dismissing Committee's suit for lack of standing, affirmed on other grounds).

20. The Supreme Court and Fifth Circuit have repeatedly limited their review of collateral orders to those that were strictly unreviewable on appeal, in situations analogous to the one at bar:

a    A decision striking an affirmative defense in not appealable as a collateral order.[9]

b    A decision denying a rule 12 (b)(6) motion is almost always not appealable as a collateral order.[10]

c    Decisions *granting* qualified governmental immunity are not collateral orders because the issue can be raised after a final judgment[11], but decisions *denying* qualified governmental immunity are collateral orders when they dispose of major issues in the case and turn solely on an issue of law.[12]

d    A decision to *grant* abstention is appealable because it is otherwise unreviewable[13], but an order *denying* a stay or abstention is not appealable, because the "inherently tentative" decision could be later reviewed and reversed, even reversed by the lower court itself.[14]

[9] *Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 296 (5th Cir. 2000)
[10] *Spiess v. C. Itoh & Co.*, 725 F.2d 970, 974 (5th Cir. 1984) cert. denied, 469 U.S. 829 (1984).
[11] *Terrell v. City of El Paso*, 2006 U.S. App. LEXIS 10025 (5th Cir. 2006).
[12] *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).
[13] *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 9-10 (1983).
[14] *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 278 (1988).

{L:\til000\00012\0398992.doc;2\HMR}

5

e    A denial of a motion to withdraw the reference is not a collateral order, because the bankruptcy court's final judgment can be appealed.[15]

f    An order to involuntarily medicate an individual to render them competent for trial is a collateral order, not because it gives a defendant capacity, but because the decision to force-feed medication is otherwise un-appealable.[16]

g    An order severing a case or decertifying a class is not a collateral order.[17]

21. The collateral order test does not apply where there exists the possibility that settlement or trial will render the error moot, or that the alleged error could be later brought out on appeal. That is precisely the case for the instant appeals. Standing granted by the Court for a third party to pursue avoidance actions can be challenged later on appeal, and even result in a dismissal. See, *McFarland v. Leyh (In re Texas Gen. Petroleum Corp.)*, 52 F.3d 1330, 1334-1335 (5th Cir. 1995) (standing to bring avoidance actions conferred by court under Section 1123 challenged and rejected). There should be little question that the order appealed from - granting the Committee authority to sue for the Estate - is neither a final order nor an appealable collateral order.

## MOTION TO TAX COSTS

22. Costs of this appeal should be taxed against the Bank under Fed. R. Bankr. P. 8014. Rule 8014 states, in relevant part, "Except as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be taxed against the losing party in an appeal."

23. Dismissal of an appeal because it is not an appeal of a final or appealable collateral order, is further cause to tax costs.

24. The Committee asks that costs of the appeal be taxed against the Appellants, jointly and severally.

---

[15] *In re Lieb*, 915 F.2d 180, 184 (5th Cir. 1990).

[16] *Sell v. United States*, 539 U.S. 166, 176-77 (2003).

[17] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

WHEREFORE premises considered, the Movant prays that this Court consolidate the appeals and abate briefing deadlines on an expedited basis, and that the court dismiss the appeals without prejudice to re-filing as an appeal from the final judgment in the adversary proceeding, and tax costs to the Appellants, and grant such other and further relief as is just.

DATED:  April 25, 2006

                              Respectfully submitted,

                              WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                              By:_____
                                    EDWARD L. ROTHBERG
                                    State Bar No. 17313990
                                    Fed. I.D. No. 2780
                                    HUGH M. RAY, III
                                    State Bar No. 24004246
                                    Fed. I.D. No. 22090
                                    Eleven Greenway Plaza, Suite 1400
                                    Houston, Texas 77046
                                    Telephone: (713) 961-9045
                                    Facsimile:  (713) 961-5341

                              ATTORNEYS FOR THE OFFICIAL
                              COMMITTEE OF THE UNSECURED
                              CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to the following party in interest via first-class mail, postage prepaid, on April 25, 2006, to the following.

Michael J. Durrschmidt                    Steve Shurn
Hirsch & Westheimer, P.C.                 Hughes, Watters and Askenase
Bank of America Center                    333 Clay, Suite 2900
700 Louisiana, 25th Floor                 Houston, TX 77002
Houston, Texas 77002-2728

                                          _____
                                          Hugh M. Ray III

## Certificate of Conference

On April 25, 2006, the undersigned conferred with counsel for the Debtor, Steve Shurn, who opposes the relief sought.

The undersigned also called and e-mailed counsel for JP MorganChase Bank, who also opposes this motion.

This is a dispositive Motion that is not normally the subject of a conference.

Dated:  April 25, 2006

_____
Hugh M. Ray, III